1   DAVID A. YUDELSON (SBN 325316)
    dyudelson@constangy.com
2   **CONSTANGY, BROOKS, SMITH &**
    **PROPHETE, LLP**
3   2029 Century Park East
    Suite 1100
4   Los Angeles, CA  90067
    Telephone:   310.909.7775
5

6   Attorneys for Defendant
    DELOITTE LLP
7

8                  **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10  TANYA DANCEKELLY,                        Case No.
    ADVANCED WEIGHT LOSS
11  SURGICAL ASSOCIATION,                    **DEFENDANT DELOITTE LLP'S**
    MINIMALLY INVASIVE SURGICAL              **NOTICE OF REMOVAL**
12  ASSOCIATION,                             **PURSUANT TO 28 U.S.C. §§ 1331,**
                                             **1367, 1441, 1446**
13              Plaintiff,

14       v.                                  Complaint Filed: April 11, 2023
                                             Complaint Served: April 27, 2023
15  DELOITTE LLP, and DOES 1-10,

16              Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

CONSTANGY, BROOKS,
SMITH & PROPHETE, LLP
ATTORNEYS AT LAW
LOS ANGELES

**PLEASE TAKE NOTICE** that Defendant Deloitte LLP ("Deloitte") hereby removes the above-entitled action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446. Removal is based upon the following:

## GROUNDS FOR REMOVAL

This Court has subject matter jurisdiction for the second claim in the Complaint under 28 U.S.C. § 1331, which confers original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff Tanya Dancekelly asserts a claim for benefits under an ERISA governed plan, which is governed by 29 U.S.C. § 1132(a)(1)(B) and provides federal question jurisdiction.

Plaintiffs Advanced Weight Loss Surgical Center and Minimally Invasive Surgical Association (labeled the "Medical Providers" in the Complaint) assert a state law claim for negligent misrepresentation, which seeks payment of the same amounts as Ms. Dancekelly's ERISA claim for benefits. Therefore, under 28 U.S.C. 1367(a), supplemental jurisdiction exists over this claim because it forms "part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." *See Id.*

## PROCEDURAL AND VENUE MATTERS

1. On April 11, 2023, Plaintiffs Tanya Dancekelly, Advanced Weight Loss Surgical Association, and Minimally Invasive Surgical Association ("Plaintiffs") filed this action against Deloitte in the Superior Court of California, County of Los Angeles, entitled "*Tanya Dancekelly, Advanced Weight Loss Surgical Association, Minimally Invasive Surgical Association v. Deloitte LLP & DOES 1-10*, Case No. 23STCV07994 ("State Court Action"). *See* Declaration of David A. Yudelson (Yudelson Decl.), ¶¶ 2, Ex. A.

///

CONSTANGY, BROOKS,
SMITH & PROPHETE, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

DEFENDANT DELOITTE LLP'S NOTICE OF
REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, 1446

2.      Pursuant to 28 U.S.C. §1446(a), a true and correct copy of the entire file or record in the State Court Action, including all process, pleadings, and orders served upon Deloitte in this action, are attached to the Yudelson Decl. *See* Yudelson Decl. ¶ 3, Exs. A-J.

3.      Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process, pleadings, and orders served on or received by Deloitte and/or filed in the State Court Action.  To Deloitte's knowledge, no further process, pleadings, or orders related to this case have been filed in the State Court Action or served by any party. *See* Yudelson Decl. ¶ 3.

4.      Los Angeles County, California, is located within the U.S. District Court for the Central District of California, Western Division.  Removal is proper to this Court because the Central District of California, Western Division, is "the district and division embracing the place where such action is pending."  28 U.S.C. §§ 1441(a) and 1446(a).

5.      Deloitte will, pursuant to 28 U.S.C. 1441(d), promptly provide written notice of the Notice of Removal's filing to the Clerk of the Los Angeles County Superior Court and Plaintiffs.

## **NATURE OF THE SUIT**

6.      The Complaint in the State Court Action alleges two causes of action: (1) negligent misrepresentation and (2) a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), specifically 29 U.S.C. § 1132(a)(1)(B), for failure to pay ERISA plan benefits.

## **FEDERAL QUESTION JURISDICTION EXISTS FOR PLAINTIFF DANCEKELLEY'S ERISA CLAIM AND SUPPLEMENTAL JURISDICTION EXISTS OVER THE REMAINING STATE LAW CLAIM**

7.      A federal court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

///

CONSTANCY, BROOKS,
SMITH & PROPHETE, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

DEFENDANT DELOITTE LLP'S NOTICE OF
REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, 1446

8.      Plaintiff Dancekelley purports to assert a claim under ERISA, 29 U.S.C. § 1132(a)(1)(B). *See* Yudelson Decl., Ex. A – Complaint ("Compl."), ¶¶ 26-27; 45-53; 60-64. Thus, federal question jurisdiction exists pursuant to 28 U.S.C. § 1331.

9.      Additionally, when a district court has original jurisdiction over a civil action, it can exercise concurrent jurisdiction, pursuant to 28 U.S.C. § 1367(a), over the state law claims included in the action that derive from a "common nucleus of operative facts" as the federal law claims.  *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004). "The supplemental (or pendent) jurisdiction statute, 28 U.S.C. § 1367(a), is one of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values such as economy, convenience, fairness, and comity." *Melton v. Alaska Career Coll., Inc.*, 738 F. App'x 895, 897 (9th Cir. 2018) (finding "[t]he district court did not err when it retained jurisdiction because it was more efficient for the district court to resolve the state law claims itself than to remand them to a state court and because the duplication of effort would have been needless and unreasonable. As a result, it would have been uneconomical, inconvenient, and unnecessary to remand the state law claims to the Alaska courts.").

10.      When analyzing supplemental jurisdiction, the Court may also "examine whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Landy v. Pettigrew Crewing, Inc.*, No. 2:19-CV-07474, 2019 WL 6245525, at *5 (C.D. Cal. Nov. 22, 2019). *See also St. Paul Mercury Ins. Co. v. Del Webb Cal. Corp.*, No. 16-cv-0209-PSG (SPx), 2017 WL 7661491, at *3 (C.D. Cal. Nov. 7, 2017) (noting courts may also look at (1) whether "the facts are related in time, space, origin or motivation"; (2) whether "the facts form a convenient trial unit"; and (3) whether "treating the facts as a unit would conform to the parties' expectations") (citations omitted)

11.      In this case, Plaintiffs purport to assert a negligent misrepresentation claim against Deloitte (along with the ERISA claim), which is "based on the

CONSTANGY, BROOKS,
SMITH & PROPHETE, LLP
ATTORNEYS AT LAW
LOS ANGELES

representations made to Medical Providers during their communications with UHS [United Health Services] on behalf of [Deloitte]." (Compl. ¶10). Plaintiffs further state that the "representations" at issue concern the "ERISA health plan" and its terms, and that payment for the Medical Providers' services are required at a certain rate under the terms of the "ERISA Plan." (Compl. ¶¶12-27). Both claims in this case hinge on the allegations Deloitte failed to pay benefits for a specific set of claims from the same patient, Plaintiff Dancekelly, involving the same "surgical procedures". (Compl. ¶¶ 9, 12-27, 30, 60-64).

12.     Plaintiffs joined their claims together to avoid duplication of effort and the economy that comes with bringing all claims at one time in one lawsuit. *See Melton*, 738 F. App'x at 897. In doing so, they demonstrated their belief that "the facts form a convenient trial unit" since they are "related in time, space, origin or motivation". See *St. Paul Mercury Ins. Co.*, 2017 WL 7661491, at *3. Thus, this Court may properly exercise supplemental jurisdiction over the related state law claims because they rise out of the same circumstance and are based on a common nucleus of operative facts.

13.     Because the Court has federal question jurisdiction over the ERISA claim and supplemental jurisdiction over the negligent misrepresentation claim in Plaintiffs' Complaint, the entire case can be properly removed to federal court. *See* 28 U.S.C. § 1441(c).

## **THE NOTICE OF REMOVAL IS TIMELY**

14.     Plaintiffs delivered a copy of the Complaint and the Summons, which is the first time Deloitte received any notice of this lawsuit on its agent for service of process on April 27, 2023. *See* Yudelson Decl., ¶ 2. Thus, this Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed less than one year from the commencement of this action and within 30 days after any defendant was served with a copy of the Complaint and corresponding summons.

///

CONSTANGY, BROOKS,
SMITH & PROPHETE, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

DEFENDANT DELOITTE LLP'S NOTICE OF
REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, 1446

## **VENUE**

15.     This action was brought and is pending before the Superior Court of California, County of Los Angeles.

16.     Los Angeles County, California is located within the Central District of California.

17.     Thus, venue is proper pursuant to 28 U.S.C. § 84(c)(2) because this is the "district and division embracing the place where Plaintiffs' action is pending." 28 U.S.C. §§ 1441(a), & 1446(a).

## **CONCLUSION**

Deloitte respectfully requests that the Court remove this civil action to the United States District Court for the Central District of California.

Dated: May 26, 2023                                CONSTANGY, BROOKS, SMITH & PROPHETE, LLP

By: /s/ David A. Yudelson
    David A. Yudelson
    Attorneys for Defendant
    DELOITTE LLP

DEFENDANT DELOITTE LLP'S NOTICE OF
REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, 1446